IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MOLLY WILSON**                                                                                           **PLAINTIFF**

**vs.**                                                                                          **No. 3:11-CV-91-CWR-LRA**

**VEOLIA ENVIRONMENTAL SERVICES
NORTH AMERICA CORP., VEOLIA
INDUSTRIAL SERVICES, INC.,
VEOLIA SPECIAL SERVICES, INC.,
METROPOLITAN LIFE INSURANCE
COMPANY, and JOHN DOES 1-4**                                                      **DEFENDANTS**

**ORDER**

This matter is before the Court on the motions of Defendants Metropolitan Life Insurance Company ("MetLife") and Veolia ES Industrial Services, Inc., Veolia Environmental Services North America Corp, and Veolia ES Special Services, Inc. ( hereinafter collectively "Veolia") concerning proposed depositions and discovery requests propounded by Plaintiff Molly Wilson on behalf of her deceased husband.  The Court has reviewed the Defendants' motions for protective order and stay of discovery [docket nos. 23-26] and the supplemental motions thereto.  In addition, the Court held a hearing on November 21, 2011 on the various motions and received supplemental briefing on the issues raised at the hearing.  *See*, *e.g.*,  [docket nos. 58-59].  Having considered these matters, the Court hereby grants the motions for protective order.[1]

This matter is governed by the Employment Retirement Income Security Act of 1974, 29 U.S.C. 1001, *et seq*. as Plaintiff seeks recovery of benefits from an employee benefit plan.

---

[1] The Veolia Defendants also filed a Motion for Change of Venue.  That issue was contested vigorously.  See [Docket Nos. 9, 10, 12 -19].  Because the first-filed case has since settled, the parties are in agreement that venue is proper in this Court.

Specifically, ERISA preempts state law claims that have the effect of orally modifying an ERISA benefit plan and increasing plan benefits for participants who claim to have been misled. *See Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755, 757 (5th Cir. 1990); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1295 (5th Cir. 1989); *Degan v. Ford Motor Co.*, 869 F.2d 889, 895 (5th Cir. 1989). Indeed, the Fifth Circuit has pronounced that discovery in such cases is limited to the interpretation of the plan and the explanation of medical terminology. *Bratton v. Nat'l Union Fire Ins.*, 215 F.3d 516, 521 (5th Cir. 2000); *Vega v. Nat'l Life Ins. Services, Inc.*, 188 F.2d 287, 299 (5th Cir. 1999). Based on this standard, in these cases, the Court must limit its review to the evidence in the administrative record. *See, e.g.*, *Meditrust Fin. Servs. Corp. v. Sterling Chemicals, Inc.*, 168 F.3d 211, 215 (5th Cir. 1999); *Schadler v. Anthem Life Insurance Company*, 147 F.3d 388, 394-95 (5th Cir. 1998); *Thibodeaux v. Continental Cas. Ins.*, 138 F.3d 593, 595 (5th Cir. 1998); *Barhan v. Ry-Ron Inc.*, 121 F.3 198 (5th Cir. 1997). As described aptly by Magistrate Judge Anderson:

> In the recent case of *Crosby v. Louisiana Health Serv. and Indem. Co.*, 647 F.3d 258, 263-264 (5th Cir. 2011), the Fifth Circuit reversed a magistrate judge's decision to deny a motion to compel a claimant's requested discovery in an ERISA case. In doing so, the Court discussed and explained its prior holdings regarding discovery in ERISA cases. It concluded that discovery may be allowed only on three narrow topics (separate and apart from coverage issues):
>
> 1. To question the completeness of the administrative record;
>
> 2. Whether the plan administrator complied with ERISA's procedural regulaition; and,
>
> 3. The extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan.
>
> . . .
>
> Although the Court allowed discovery in these three categories, it also cautioned courts to monitor discovery closely and guard against abusive discovery. . . ERISA cases are strictly limited to the administrative records, and a participant is not entitled to a second chance to produce evidence demonstrating that coverage should be

afforded.

*Crawford v. Hartford Life and Accident Insurance Co.*, 2011 WL 5237826, *1 (S.D. Miss. Nov. 1, 2011)(quotations and citations omitted).  *See also Tyree v. The Hartford Lie and Accident Ins. Co.*, 2011 WL 4352006 (S.D. Miss. Sept. 15, 2011).

The Fifth Circuit, however, has held that ERISA does not always preempt state law claims for detrimental reliance, misrepresentation, or fraudulent inducement when those claims are based on the scope of coverage versus interpretation or administration of the  ERISA plan.  *Bank of Louisiana v. Aetna Healthcare, Inc.*, 468 F.3d 237, 239-40 (5th Cir. 2006).  Furthermore, ERISA does not preempt a state law claim in the context of negligent misrepresentation when the claim is brought by "an independent, third-party (health care provider) against an insurer."  *Transitional Hospitals Corp. v. Cross and Blue Shield of Texas, Inc*., et. Al., 164 F.3d 952, 954 (5th Cir. 1999).   In this matter, Wilson alleges claims for detrimental reliance, misrepresentation, and fraudulent inducement.  As a factual basis, Wilson alleges she is not seeking ERISA benefits by asserting that "[V]eolia ES Special Services had previously advertised and contracted with Christopher Wilson that the company life and death plan was in effect for an amount of his annual salary." "Further, the Veolia Defendants represented that Metropolitan had a supplemental life plan which amounted to twice his annual salary and an accidental death plan that doubled his salary." [Docket No. 28 at 2-3].  According to Wilson, because this was untrue from day one despite that representation, she deserves discovery as her claims do not fall within the purview of ERISA preemption.

The Court does not agree.  Wilson does not contend that she is  an independent third party, but rather a potential beneficiary under an alleged ERISA plan.  The Veolia entities, as the plan sponsor, is an ERISA entity.  See 29 U.S.C. § 1002(16)(B)("plan sponsor" means the employer who establishes or maintains the employee benefit plan); § 1002(8) ("beneficiary" means a person who

3

is entitled to a benefit under an employee benefit plan). As the Fifth Circuit has made clear, when the plaintiff alleges that the duties breached extend beyond the employer to the principal ERISA entities, preemption results. *See, e.g.*, *Bank of La v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 243 (5th Cir. 2006). Therefore, despite Wilson's interpretation, the stage is set for preemption of most of her claims. Notwithstanding the fact that Wilson argues that her case is analogous to cases where other courts held that similar claims were not completely preempted, this case lacks a key component. Based on the case law, which includes *Percle v. Performance Energy Services*, 2011 WL 337891 (E.D. La. Jan. 31, 2011), the case which the Court specifically asked the parties to address at the hearing, and others, perhaps most problematic for Wilson is the fact that there has been no allegation that her husband relinquished any benefits based on Defendants' conduct. *See also Smith v. Texas Children's Hospital and UNUM Life Insurance Co.*, 84 F.3d 152 (5th Cir. 1996)(where the plaintiff sued her second employer for benefits she relinquished due to second employer's misrepresentation). To the contrary, the record evidence indicates that her husband's accrued benefits with his former employer were left intact. Ex. 1 to *Supplemental Memorandum in Support of Veolia* [Docket No. 58 -11-18]. Therefore, no further discovery is warranted.

Accordingly, the *Motion for Protective Order, or, in the Alternative, a Stay of Discovery Pending Resolution of Metropolitan Life Insurance Company's Motion for Summary Judgment* [Docket No. 23 and 24]; the *Motion for Protective Order or for Order Prohibiting, Limiting, or Staying Discovery Pending Resolution of Veolia's Motion for Summary Judgment* [Docket No. 25]; the *Motion for Protective Order or for Order Prohibiting, Limiting or Staying Discovery Pending Resolution of Veoila's Motion for Summary Judgement* [Docket No 26] and the Supplemental Motions thereto [Docket Nos. 52 and 54] are hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff Molly Wilson's Rule 56(d) Motion for Extension

of Time to File Response to Defendant's [29] and [33] Motions for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall file her Response to Defendant's Motions for Summary Judgment [Docket Nos. 29 and 33] on or before April 30, 2012. Defendants then shall file their rebuttal memoranda on or before May 10, 2012.

IT IS FURTHER ORDERED that the Motion for Change of Venue [Docket No. 9] is DENIED.

SO ORDERED, this the 29th day of March, 2012.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE