IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MOLLY WILSON**                                                                                          **PLAINTIFF**

**vs.**                                                                                    **No. 3:11-CV-91-CWR-LRA**

**VEOLIA ENVIRONMENTAL SERVICES
NORTH AMERICA CORP., VEOLIA
INDUSTRIAL SERVICES, INC.,
VEOLIA SPECIAL SERVICES, INC.,
METROPOLITAN LIFE INSURANCE
COMPANY, and JOHN DOES 1-4**                                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is now before the Court on the motions of Defendants Metropolitan Life Insurance Company ("MetLife") and Veolia ES Industrial Services, Inc., Veolia Environmental Services North America Corp, and Veolia ES Special Services, Inc. (hereinafter collectively "Veolia") motions for summary judgment. The Court has reviewed the Defendants' motions, responses by Plaintiff Molly Wilson as well as Defendants' rebuttals. Having considered these matters, the Court hereby grants the motions for summary judgment.

The Court has previously ruled that this matter is governed by the Employment Retirement Income Security Act of 1974, 29 U.S.C. 1001, because Wilson seeks recovery of benefits from an employee benefit plan. *Wilson v. Veolia Environmental North America Corp.,* 2012 WL 1067665, *1 (S.D. Miss. March 29, 2012). Thus, the Court granted the request of the defendants for a protective order shielding them from Wilson's demand for discovery.

In these motions for summary judgment, the defendants argue that the state law claims asserted by plaintiff are preempted by ERISA. Plaintiff chose not to respond to the defendants'

assertions. She, therefore, has abandoned those claims. *Covington v. Kemp*, 4:10-cv-213, 2012 WL 2415188, n*7 (S.D. Miss. June 26, 2012). *See also Sanders v. Sailormen, Inc.*, 2:10-cv-0060, 2012 WL 663021 (S.D. Miss. Feb. 28, 2012)(citing *In re Entringer Bakeries, Inc*. 584 F.3d 344, 347 n.1 (5th Cir. 2008)).

The only remaining claim which the plaintiff continues to pursue is her claim that the defendants breached their fiduciary duty. To support that contention, she invokes ERISA's "catchall" provision, which provides that a "participant, beneficiary, or fiduciary" may file suit "to enjoin any act or practice which violates any provision of this title or the terms of the plan." 29 U.S.C. § 1132(a)(3). See [Docket No. 63 at 7]("under ERISA's catch-all provision, a civil action may be brought against a putative fiduciary for benefits the participant would be entitled to but for a breach of fiduciary duties").

The Supreme Court in *Varity Corporation v. Howe*, 516 U.S. 489 (1996), held that ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes lawsuits by individual for equitable relief for breach of fiduciary duty and other injuries "by violations that § 502 does not elsewhere adequately remedy." *Id*. at 512. The Fifth Circuit has explained that an ERISA plan participant who can avail themselves of potential remedies authorized by § 502 (a)(1)(B) cannot also pursue equitable relief for breach of fiduciary duty under § 502(a)(2) or § 502(a)(3)(referred to as the "catchall provisions"). *Tolson v. Avondale Indus.,* 141 F.3d 604, 610-11 (5th Cir. 1998). Section 502 (a)(1)(B) of ERISA empowers a claimant to bring a civil action to "recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of [her] plan." 29 U.S.C. § 1132(a)(1)(B). But, recovery under § 1132(a)(1)(B) is limited to benefits *already accrued* under a benefit plan. See *id*. at 1134. Judge Starrett has stated it

succinctly: "when a participant wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under § 502(a)(1)(B) of ERISA rather than a fiduciary duty claim brought pursuant to § 502(a)(3)." *Tyree v. Hartford Life and Acc. Ins. Co.*, 2:11cv32, 2012 WL 292239 (S.D. Miss. Jan. 31, 2012)(citation omitted).

Here, Wilson is seeking compensatory damages, attorney's fees, consequential damages, and punitive damages. Her general prayer of "any other relief the Plaintiffs are entitled to in equity" [docket no. 4 at 11] does not change transform her claim into one grounded in equity. See *Hobbs v. Baker Hughes Oilfield Operations, Inc.*, 294 F. App'x 156, 159 (5th Cir. 2008)(§1132(a)(3) does not provide relief where a prayer is cast as equitable when in substance it seeks damages in the form of insurance proceeds).[1] As such, with respect to either Defendant, Wilson's only asserted claim for breach of fiduciary duty fails.

Accordingly, *Metropolitan Life Insurance Company's Motion for Summary Judgment* [Docket No. 29]; and *The Veolia Defendant's Motion for Summary Judgment* [Docket No. 33] are hereby GRANTED.

IT IS FURTHER ORDERED, Wilson's breach of fiduciary claim is dismissed with prejudice.

SO ORDERED, this the 6th day of September, 2012.

                                            s/Carlton W. Reeves
                                            UNITED STATES DISTRICT JUDGE

---

[1] Moreover, Wilson does not specify under what basis she is asserting her fiduciary claim. Assuming her assertion is grounded in § 502(a)(2), this action must still be dismissed because § 502(a)(2) authorizes recovery by a plan only, not recovery by an individual. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140-44 (1985); *Tolson*, 141 F.3d at 610. Thus, Wilson's claim fails pursuant to this section as well.